IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIBERTY DIALYSIS - HAWAII LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., and KAISER FOUNDATION HOSPITALS,<br><br>Defendants. | CIV. NO. 17-00318 JMS-WRP<br><br>ORDER (1) AFFIRMING MAGISTRATE JUDGE'S ORDER AS TO THREE DISCOVERY MOTIONS, ECF NO. 182; AND (2) DENYING PLAINTIFF'S REQUEST FOR PRE-TRIAL CONFERENCE AND MOTION TO CONVERT TRIAL DATE TO ASSESSMENT OF DAMAGES HEARING AND TO SET ISSUES TO BE TRIED, ECF NO. 177 |

**ORDER (1) AFFIRMING MAGISTRATE JUDGE'S ORDER AS TO THREE DISCOVERY MOTIONS, ECF NO. 182; AND (2) DENYING PLAINTIFF'S REQUEST FOR PRE-TRIAL CONFERENCE AND MOTION TO CONVERT TRIAL DATE TO ASSESSMENT OF DAMAGES HEARING AND TO SET ISSUES TO BE TRIED, ECF NO. 177**

**I. INTRODUCTION**

Before the court are (1) Defendants Kaiser Foundation Hospitals' ("KFH") and Kaiser Foundation Health Plan, Inc.'s (collectively "Kaiser") Appeal of Magistrate Judge Wes Reber Porter's July 1, 2019 "Order as to Three Discovery Motions" ("Discovery Order"), ECF No. 189, and (2) Plaintiff Liberty Dialysis-Hawaii LLC's ("Liberty") Request for Pre-Trial Conference and Motion to Covert Trial Date to Assessment of Damages Hearing and to Set Issues to be Tried, ECF

No. 177 ("Motion for Damages Hearing"). For the reasons set forth below, the court AFFIRMS the Discovery Order and DENIES the Motion for Damages Hearing.

## II. **BACKGROUND**

In 2007, Kaiser and Liberty entered an agreement, titled "Letter of Agreement For Outpatient Renal Dialysis Services" ("LOA"), for Liberty to provide outpatient renal dialysis and related services to Kaiser patients. The LOA provides that Kaiser agreed to pay Liberty for dialysis treatment and related services[1] based on rates set forth in Exhibit A to the LOA ("Agreement Rates"). More specifically, Exhibit A identifies two composite rates: (1) a contractual composite rate (which includes medications and services included in the Medicare composite rate); and (2) the Medicare composite rate used by the Centers for Medicare and Medicaid Services ("CMS"). *See* ECF No. 202-3 at PageID #3716. Exhibit A further specifies certain medications and services that are included in the composite rates and provides that medications and services "not specifically described [as being included in the composite rates] shall be separately

---

[1] The LOA defines "services" as "[o]utpatient renal dialysis (and related services) in the service of which are (1) ordered by a [Kaiser] physician . . . ; (2) preauthorized by [the applicable] Kaiser . . . Health Plan . . . ; (3) covered by the Member's relevant membership agreement with [the applicable] Health Plan; and (4) described on . . . Exhibit A[.]" ECF No. 202-3 at PageID #3711.

2

reimbursable." *Id.* at PageID #3716-17. Epogen, a drug commonly prescribed for dialysis patients, and unspecified "other covered services" ("OCS") are not included in either of the composite rates and are separately compensable under all rate tables.[2]

On January 1, 2011, CMS added Epogen to the Medicare composite rate. Liberty alleges that after January 2011, Kaiser stopped paying Liberty separately for Epogen and unspecified OCS in the amounts set forth in the Agreement Rates. Liberty also alleges that Kaiser later offset related and unrelated payments to Liberty for alleged prior overpayments for Epogen and OCS. Liberty filed the instant action in state court asserting claims for breach of contract, accounting, and declaratory judgment. ECF No. 1-2. Kaiser removed the action to this court on July 7, 2017. ECF No. 1.

On December 26, 2017, Kaiser moved for summary judgment contending that when Epogen was added to the Medicare composite rate, it became included in the contractual composite rate and was therefore no longer separately compensable. ECF No. 42-1 at PageID #441-42. On February 16, 2018, Liberty cross-moved for summary judgment claiming that under the LOA, Kaiser must pay Liberty separately for Epogen and OSC. ECF No. 50 at PageID #614. On April

---

[2] Exhibit A includes several different rate tables for reimbursement under various health plans on Oahu and the neighbor islands.

16, 2018, this court issued an Order granting summary judgment in favor of Liberty (the "MSJ Order"). ECF No. 73.

Subsequent discovery disputes led to an August 29, 2018 status conference before Magistrate Judge Richard L. Puglisi. Observing that "it is clear that the only issue in the case is damages," and that a determination of the proper damages should be a mathematical exercise,[3] Magistrate Judge Puglisi ordered the parties to mediation. Tr. at 4:25-5:1, 5:13-15, ECF No. 124 at PageID #1772-73.

After mediation failed, the parties filed three discovery motions—each party filed a motion to limit the topics noticed by the opposing party for Federal Rule of Civil Procedure 30(b)(6) depositions, and Liberty moved to compel Kaiser to answer certain interrogatories and produce additional documents. As the Discovery Order recognized, these discovery disputes arose largely from the parties' "fundamentally different interpretations of the . . . MSJ Order." ECF No. 182 at PageID #3078. Kaiser asserted that the MSJ Order applied only to Epogen, and that liability for OCS remains in dispute. More specifically, Kaiser asserted that "Liberty still must show for every claim that the service was ordered

---

[3] The parties concurred with Magistrate Judge Puglisi's assessment. At the status conference, Kaiser's counsel stated that "[t]he legal issue of liability—how the contract should be interpreted is done. Judge Seabright has addressed that. So, this is just the arithmetic exercise of figuring out how the bills should have been paid. That's all that's left." Tr. at 10:22-11:1, ECF No. 124 at PageID #1778-79. Liberty's counsel also recognized that the issue of determining Liberty's damages is purely mathematical, stating that "[Liberty's] damages are the amount [Kaiser] underpaid in the first instance, plus the amount [Kaiser] took back on the other claims that they weren't supposed to." *Id.* at 6:13-14, 20:13-15, ECF No. 124 at PageID #1788.

4

by a Kaiser physician, was preauthorized under the applicable health plan, and was covered under the individual's membership agreement with the health plan." *Id.* at PageID #3080. On the other hand, Liberty argued that the MSJ Order resolved the contract interpretation regarding payment for both Epogen and OCS, and therefore fully resolved liability.

The Discovery Order found that the "MSJ Order applied to Epogen and OCS," and that it "resolved liability as to Epogen and OCS." ECF No. 182 at PageID #3079, 3081. The Discovery Order further found, however, that "the parties may offer evidence about whether a medication or service constitutes Other Covered Services as part of the trial on damages only." *Id.* at PageID #3082. In accordance with these findings, the Discovery Order ruled in part that:

- "Liberty is entitled to information and documents from Kaiser that would allow Liberty to make a calculation based on Kaiser's payment history for *Epogen and Other Covered Services* . . . during the business relationship of the parties [from] 2007 to the present";

- "Liberty is entitled to discovery about the total amount of recoupment" by Kaiser;

- "Liberty is entitled to discover information as to Kaiser's prelawsuit communications regarding payments for *Epogen and OCS*," in particular a letter from a Kaiser vice-president seeking reimbursement from Liberty for alleged "'overpaid claims' from 2008 through 2014" and stating that "for claims after December 2014, Kaiser will offset against future payments to Liberty," and other communications "between 2011 and 2014 regarding underpayments and calculation of underpayments";

5

- "Kaiser is entitled to discovery, in the narrow damages case that remains, about Liberty's policies and practices for using and billing services and medications to Kaiser as *Other Covered Services*, according to the Agreement rates"; and

- "Kaiser is entitled to discover information about Liberty's policies and practices related to 'Total Expected Reimbursements,' as the term was used on the spreadsheet Liberty produced to Kaiser."

*Id.* at PageID #3083, 3085-90. More specifically, the Discovery Order allows Kaiser to depose "a [Liberty] representative who can explain LIBERTY's policies and practices for using and billing supplies to KAISER under HCPCS Codes A4657, A4913, and/or A6216, including determining and documenting whether these supplies were described on Exhibit A of the [LOA]." *Id.* n.11 at PageID #3088-89.

The Discovery Order denied discovery of "Liberty's billing policies and practices that return to issues of liability," such as "information regarding whether certain services and medications were ordered by a Kaiser physician, was preauthorized under the applicable health plan, and was covered under the individual's membership agreement with the health plan." *Id.* at PageID #3089.

The Discovery Order required Kaiser, by July 9, 2019, to produce information, verified interrogatory responses, documents, and a letter to Liberty detailing specific documents already produced that satisfy the Discovery Order. *Id.* at PageID #3075.

Meanwhile, on June 19, 2019, largely due to the same disputes regarding the scope of the MSJ Order and whether the MSJ Order resolved all liability issues, Liberty filed the instant Motion for Damages Hearing seeking an order converting the trial date to an assessment of damages hearing and setting the issues to be resolved at trial. ECF No. 177.

On July 11, 2019, Kaiser filed the instant Appeal contending that the Discovery Order is clearly erroneous and contrary to law in that it improperly expands the scope of the MSJ Order, precludes Kaiser from engaging in relevant discovery, and disregards the rules of proportionality. ECF No. 189. On July 18, 2019, this court held a status conference addressing both the Appeal and the Motion for Damages Hearing. ECF No. 194. During the status conference, this court clarified the scope of the MSJ Order stating:

> I know exactly what I intended. That the order does cover Epogen and "Other Covered Services" and liability as to Epogen and "Other Covered Services." There's just no question about that. . . .
> . . .
> . . . I didn't say what is included with an "Other Covered Service[.]"

Tr. of July 18, 2019 Status Conference at 8:21-24, 9:12-13, ECF No. 197 at PageID #3607-08. Given this clarification, the court (1) directed Liberty to file a statement of remaining issues for trial, and (2) set a briefing schedule on the Appeal and Motion for Damages Hearing.

7

On July 23, 2019, Liberty filed its Statement of Remaining Issues to be Tried. ECF No. 198. On August 2, 2019, Liberty filed its Opposition to the Appeal, ECF No. 202, and Kaiser filed both its Opposition to Liberty's Motion for Damages Hearing, and Response to Liberty's Statement of Remaining Issues to be Tried, ECF Nos. 203, 204. On August 12, 2019, Liberty filed its Reply to the Motion for Damages Hearing, ECF No. 205, and Kaiser filed its Reply to the Appeal, ECF No. 206.

Pursuant to Local Rule 7.2(d), the court finds these matters suitable for disposition without a hearing.

### III. <u>STANDARD OF REVIEW</u>

Any party may object to a pretrial nondispositive matter determined by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); LR 74.1.[4] Such an order may be modified or set aside by the district court judge only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991) (citing § 636(b)(1)(A) and Rule 72(b)). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Akey v. Placer Cty.*, 2017 WL 1831944, at *10 (E.D. Cal. May 8, 2017) (citation and quotation marks omitted). And an

---

[4] When Kaiser filed the instant Appeal, Local Rule 74.1 permitted "appeal" of a magistrate judge's nondispositive order. Local Rule 74.1 has since been amended (effective September 1, 2019) to permit parties to "object" to such orders.

8

order is "clearly erroneous" if, after review, the court has a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001); *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011); *Cochran v. Aguirre*, 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017) (citing cases). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993). Thus, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991); *Cochran*, 2017 WL 2505230, at *1.

"'Pretrial orders of a magistrate' judge 'under § 636(b)(1)(A) . . . are not subject to a de novo determination.'" *Hypolite v. Zamora*, 2017 WL 68113, at *1 (E.D. Cal. Jan. 6, 2017) (quoting *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981)). Consideration by the reviewing court of new evidence, therefore, is not permitted. *United States ex rel. Liotine v. CDW Gov't, Inc.*, 2013 WL 1611427, at *1 (S.D. Ill. Apr. 15, 2013) ("If the district court allowed new evidence [on review of a magistrate judge's non-dispositive order], it would essentially be conducting an impermissible *de novo* review of the order."); *cf. United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (determining that "a district court has discretion, but is not required, to consider evidence presented for

9

the first time" in a de novo review of a magistrate judge's dispositive recommendation).

## IV. **<u>DISCUSSION</u>**

Kaiser "no-longer challenges the Discovery Order's interpretation that the MSJ Order applies to Other Covered Services . . . ." ECF No. 206 at PageID #3895-96. Kaiser still contends, however, that the Discovery Order is clearly erroneous and contrary to law because it: (1) improperly expanded the scope of the MSJ Order by finding that the MSJ Order "resolved liability as to Epogen and OCS," even though the issue of what specific medication and services constitute OCS remains in dispute; (2) improperly "restricts Kaiser's ability to conduct discovery on whether the treatments Liberty considers to be [OCS] qualify as reimbursable services under the Agreement"; and (3) is overly burdensome and disproportionate. ECF No. 206 at PageID#3896-97, 3906-07.

**A.     Scope of MSJ Order**

There is no question that the issue of what specific medications and services constitute OCS remains in dispute. The Discovery Order characterized this dispute as a damages issue, specifically providing that "the parties may offer evidence about whether a medication or service constitutes [OCS] as part of the trial on damages only." ECF No. 182 at PageID #3082. Kaiser's objection—that the Discovery Order improperly expanded the scope of the MSJ Order—rests on

10

its characterization of this remaining dispute as an issue of "liability." *See* ECF No. 189-1 at PageID #3448 ("[W]hether Liberty's remaining claims constitute [OCS] authorized by the [LOA] . . . appears to be a question of liability . . . ."). And based on such characterization, Kaiser argues that the Discovery Order improperly determined that Kaiser is liable for every medication and service Liberty billed as OCS. *Id.* at PageID #3455-56. The court disagrees with Kaiser's characterization of both the remaining disputed issue and the scope of the MSJ Order.

During the July 18, 2019 status conference, this court suggested that the dispute over whether to characterize the issue of what medications and services constitute OCS as one of "liability" or "damages" is merely a matter of semantics:

> I mean it doesn't really matter in some ways if [the issue of what medications and services constitute OCS] is within the damages rubric or not, does it? I mean I could instruct the jury as a matter of law here's where we are, right, and here's what you have to determine.
> . . .
> And we call it what you want. You can call it damages only, you can call it damages plus liability light. I mean I don't know what you'd call it. I'm not sure it really matters though a whole lot.

Tr. at 10:24-11:9, ECF No. 197 at PageID #3609-10. Nevertheless, to provide clarity, this court now characterizes the remaining dispute regarding what medications and services constitute OCS as an issue of damages, not liability. That is, determining what medications and services constitute OCS is part of

11

determining the proper amount of damages Kaiser owes for its failure to reimburse Liberty for OCS at the Agreement Rates.

And contrary to Kaiser's characterization, by finding that the MSJ Order "resolved liability as to Epogen and OCS," the Discovery Order did not determine that Kaiser must reimburse Liberty for all medications and services Liberty billed as OCS. Liberty must still prove its damages, and in so doing, must prove that the medications and services for which it seeks damages constitute OCS. The Discovery Order did not improperly expand the MSJ Order and therefore is neither clearly erroneous nor contrary to law. With this clarification, the court turns to Kaiser's objections regarding discovery rulings and the Motion for Damages Hearing.

**B.      Restrictions on Kaiser's Requested Discovery**

The Discovery Order granted Kaiser discovery regarding "Liberty's billing policies and practices for using and billing services and medications to Kaiser as *Other Covered Services*, according to the Agreement rates." ECF No. 182 at PageID #3088 & n.11 (granting Kaiser's request that Liberty produce a representative to explain Liberty's "policies and practices for using and billing supplies . . . under HCPCS Codes A4657, A4913, and/or A6216, including determining and documenting whether these supplies were described on Exhibit A"). The Discovery Order denied Kaiser discovery of "information regarding

whether certain services or medications were ordered by a Kaiser physician, was preauthorized under the applicable health plan, and was covered under the individual's membership agreement with the health plan," finding that such "topics unnecessarily return to issues of liability." *Id.* at PageID #3089.

Kaiser contends that these rulings improperly restrict its ability to conduct discovery on whether the medications and services Liberty considers to be OCS qualify as separately reimbursable services under the LOA. That is, Kaiser contends that to prove that specific medications and services are OCS, Liberty must show for every claim for each patient that the medications and services were (1) ordered by a Kaiser physician, (2) preauthorized under the applicable health plan, (3) covered under the patient's membership agreement with the applicable health plan, and (4) not specifically enumerated in Exhibit A., Section I.B.1-7 as being included in the contractual composite rate. *See* ECF No. 189-1 at PageID #3460. Kaiser contends that the Discovery Order's restriction is clearly erroneous and contrary to Federal Rule of Civil Procedure 26(b)(1). The court disagrees.

The Discovery Order set forth the applicable law:

> Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining whether the discovery is "proportional to the needs of the case," the court should consider "the importance of the issues at stake in the action, the amount in controversy, the

13

> parties' relative access to relevant information, the
> parties' resources, the importance of the discovery in
> resolving the issues, and whether the burden or expense
> of the proposed discovery outweighs its likely benefit."
> *Id.*

ECF No. 182 at PageID #3082.

This lawsuit is about Liberty's claim that Kaiser failed to reimburse Liberty separately for dialysis and related services that Liberty provided to Kaiser patients in accordance with the Agreement Rates set forth in Exhibit A to the LOA. As this court observed early in this litigation (when determining that Liberty's claims were not inextricably intertwined with Medicare law), "there is no question that the [Kaiser patients] who received [Liberty's dialysis and related] services were entitled to them under their applicable plans." ECF No. 26 at PageID #310. That is, there is no question that the Kaiser patients who received dialysis services from Liberty did so pursuant to a Kaiser doctor's orders, and that such services were both authorized and covered under the patients' health plans. The damages dispute that remains is (1) whether the specific medications and services for which Liberty seeks reimbursement constitute dialysis-related OCS that are separately compensable as set forth in Exhibit A to the LOA, or (2) whether such medications and services are not separately compensable because they are either set forth in Exhibit A as being included in the composite rate or not dialysis-related (and therefore not covered by the LOA).

In arguing for broader discovery, Kaiser contends that "Liberty now claims that Kaiser owes it millions of dollars for laboratory services, vaccines, and even basic supplies like syringes and gauze." ECF No. 171 at PageID #2545. Kaiser further argues that no prior order determined liability for these medications and services. *Id.*

Kaiser's argument misses the mark. The MSJ Order established Kaiser's liability for its failure to reimburse Liberty for Epogen and OCS at the Agreement Rates for those patients who received covered dialysis services from Liberty. The universe within which Liberty's claim arises is limited to those patients for whom dialysis services were ordered by a Kaiser physician, and were preauthorized and covered by their health plans. Thus, Kaiser's contractual liability to reimburse Liberty separately for OCS was established. The Discovery Order properly determined that Kaiser's request to seek discovery that returns to those issues is outside the narrow scope of the remaining damages issue.

And the Discovery Order permitted discovery of information regarding whether the specific medication and services constitute dialysis-related OCS. That is, the Discovery Order permitted Kaiser to discover information regarding Liberty's billing policies and practices for supplies under various identifying codes. *See* ECF No. 182 at PageID #3088 & n.11. Kaiser does not

15

explain why it cannot defend Liberty's claims by reference to specific medications or supplies, or even categories of supplies.

In sum, given the general characterization of the disputed medications and supplies, the narrow universe of Kaiser patients who obtained covered dialysis services from Liberty pursuant to both the LOA and their individual health plans, and the narrow remaining issue of whether certain medications and supplies provided by Liberty constitute OCS, the Discovery Order's limitation on Kaiser's request for discovery on a claim-by-claim basis for each patient is neither clearly erroneous nor contrary to law. Rather, had the Discovery Order permitted the broad discovery Kaiser seeks, it would have violated Rule 26(b)(1)'s proportionality requirement. The Discovery Order's limitation on Kaiser's discovery request is AFFIRMED.

C. **The Discovery Permitted is Not Overbroad, Disproportionate, or Unduly Burdensome**

Kaiser argues that the Discovery Order is clearly erroneous and contrary to law in that it imposed an overbroad, disproportionate and undue burden by requiring Kaiser to "identify, review, screen, and produce emails, ESI, and archived documents dating back to 2007" within "five business days—split by a

weekend and a federal holiday." ECF No. 206 at PageID #3906.[5] More specifically, Kaiser argues that the relevant time frame for discovery is limited by the statute of limitation on Liberty's claims, which dates back to December 2010; that the required discovery is disproportionate, since 90% of Liberty's claims only date back to 2014; and that the production schedule is unduly burdensome. The court disagrees.

First, the Discovery Order determined that "Liberty is entitled to information and documents from Kaiser that would allow Liberty to make a calculation based on Kaiser's payment history for *Epogen and Other Covered Services*," which includes the entirety of the parties' business relationship, from "2007 to the present." ECF No. 182 at PageID # 3083. The Discovery Order recognized that information regarding how Kaiser initially determined which medications and services constituted OCS, when Kaiser stopped reimbursements for such medications and services, and documents showing the reasons for Kaiser's decision are relevant to a determination of what medications and services constitute OCS. Thus, the statutory limitation period for Liberty's claims has no bearing on this ruling.

---

[5] Kaiser also concedes, however, that (1) it had produced most of what was ordered by the July 9, 2019 deadline; (2) as of August 12, 2019, it was working on producing what remains; and (3) the trial will not proceed on October 1, 2019 as was scheduled when the Discovery Order was issued. ECF No. 206 at PageID # 3905-06.

Second, Kaiser's disproportionality argument is not persuasive. Kaiser has not shown that the burden and expense of producing the ordered discovery is likely to outweigh the benefit where Liberty claims damages exceeding $10 million, the information sought is highly relevant to a determination of such damages, and the information consists of internal documents in Kaiser's possession. *See* Fed. R. Civ. P. 26(b)(1) (listing factors to consider when determining proportionality). Kaiser argues that based on Magistrate Judge Puglisi's prior guidance, it reasonably believed that it would not be required to engage in "broad, expensive, and exhaustive hunts for parole evidence." ECF No. 206 at PageID #3906 (citing Ex. E at 13:8-23, ECF No. 189-7 at PageID #3534). But Judge Puglisi's prior guidance was no more than his agreement that Kaiser should not be obligated to produce "every single piece of paper on every single claim for a period of five, six, seven, eight years." ECF No. 189-7 at PageID #3534. The Discovery Order does not require Kaiser to produce "every single piece of paper on every single claim." In short, Kaiser has failed to show that the Discovery Order violates Rule 26(b)(1)'s proportionality requirement.

Third, although Kaiser was ordered to produce discovery in eight days, Kaiser was well aware, long before the Discovery Order was issued, that Liberty's claims were based on Kaiser's decision to stop or reduce payments to Liberty at the Agreement Rates, and that Liberty sought the requested information.

18

And, as Kaiser concedes, it was largely able to meet that schedule. Kaiser does not articulate any specific reason why the production schedule set forth in the Discovery Order was clearly erroneous or contrary to law. At best, it argues only that a more reasonable schedule would not have adversely affected Liberty.

In sum, this court finds that the Discovery Order is neither clearly erroneous nor contrary to law and is therefore AFFIRMED.

**D.  Motion for Damages Hearing**

Liberty seeks an order setting a hearing to determine the issues remaining for trial. Both this Motion and the parties' different positions regarding what issues remain for trial are based largely on the same disagreements about the scope of the MSJ Order and whether to characterize the issue of what medications and treatments constitute OCS as a liability or damages issue. However, since the Motion was filed, Judge Porter issued another discovery order and this court provided clarification both during the status conference and in the discussion above affirming the Discovery Order. Thus, the parties have more tools at their disposal to resolve their dispute over what issues remain for trial. Accordingly, the Motion for Damages Hearing is DENIED.

# V. CONCLUSION

For the reasons set forth above, the court AFFIRMS the Discovery Order, ECF No. 182, and DENIES Plaintiff's Motion for Damages Hearing, ECF No. 177. The parties are directed to meet and confer in an effort to agree on the issues that remain for trial. If they are unable to agree, they may seek the court's assistance by new motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 12, 2019.

/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Liberty Dialysis-Hawaii LLC v. Kaiser Found. Health Plan, Inc.*, Civ. No. 17-00318 JMS-WRP, Order (1) Affirming Magistrate Judge's Order as to Three Discovery Motions, ECF No. 182; and (2) Denying Plaintiff's Request for Pre-Trial Conference and Motion to Convert Trial Date to Assessment of Damages Hearing and to Set Issues to Be Tried, ECF No. 177